THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD BROOK,<br><br>   Plaintiff,<br><br>vs.<br><br>THYSSENKRUPP INDUSTRIAL SERVICES, INC., a Michigan Corporation, and RICKY WATSON, and the marital community comprised thereof;<br><br>   Defendant. | NO. 3:14-cv-05102<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

  1.1 Plaintiff Richard Brook ("Brook") hereby sets forth his complaint against Defendants ThyssenKrupp Industrial Services, Inc. ("ThyssenKrupp") and Ricky Watson ("Mr. Watson") for disability discrimination, sexual harassment, sexual orientation discrimination, hostile work environment, retaliation, and wrongful constructive discharge.

### I. PARTIES

  2.1 Plaintiff is an individual residing in Clarksville, Tennessee. At all

times relevant hereto, Plaintiff was an employee of ThyssenKrupp, located in Sumner, Washington.

2.2     Defendant ThyssenKrupp is a duly registered and licensed corporation, organized and existing under Michigan law with its principal place of business in Southfield, Michigan.  Defendant conducts business and maintains an office at 2200 140th Ave S. Sumner, Washington 98390.

2.3.    Defendant Watson is an individual who upon information and belief resides in Bonney Lake, Washington.

## II.     JURISDICTION AND VENUE

3.1     At all times relevant hereto, ThyssenKrupp was doing business in Pierce County.  ThyssenKrupp is an "employer" subject to statutes governing employment in the State of Washington, including Ch. 49.60 RCW, the Washington Law Against Discrimination.  At all times relevant herein, ThyssenKrupp employed Plaintiff.

3.2     On January 9, 2013, Plaintiff received a Notice of Right to Sue under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Genetic Information Nondiscrimination Act.

3.3     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff is asserting federal causes of action.

//

//

COMPLAINT FOR DAMAGES - 2

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

3.4     Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial portion of the events giving rise to this Complaint occurred in the Western District of Washington.

3.5     This action has been filed within the applicable statutory time periods.

### III.     FACTS

4.1     ThyssenKrupp provides consulting services to businesses and organizations throughout the United States.  Primarily, the company focuses on working with clients to improve their efficiency and outcomes.  This consistently requires its employees to travel to and from the client sites to gather information, develop proposals, meet with and be available to the clients.

4.2     Plaintiff was hired by ThyssenKrupp as a driver in June 2012.  He possessed all of the necessary licenses and credentials, including a commercial enhanced driver's license.  Upon being hired, Plaintiff disclosed to ThyssenKrupp and the warehouse manager, Mr. Watson, that he had been diagnosed with Post Traumatic Stress Disorder, Asperger's disorder, and an auditory disability.  Plaintiff did not require any workplace accommodations for these disabilities.

4.3     Mr. Watson publicly berated Plaintiff and made comments associated to his disability and his perceived sexual orientation.  These comments include, but are not limited to, the following:

- Telling him, "I can't believe I hired your handicapped ass!"  And, "Your wife can't do your logs; you are not that handicapped."

- Calling him a "Dumbass driver" and accusing him of destroying company property when another employee admittedly did so and had already told Mr. Watson that he was responsible. This happened on more than one occasion.

- Calling him a "Goddamn idiot" while accusing him of failing to get paperwork for a job, when in actuality there was not any paperwork necessary.

- Pulling Mr. Brook from his set route to give it to a less senior driver without any explanation.

- Mr. Watson refused to continue to allow him time off to attend his necessary medical appointments. When Mr. Brook protested, Mr. Watson responded, "I don't care you stupid idiot. I don't have time for you lame ass fucking driver. Just fucking do it."

- Calling him a "Psycho" and telling him to "Go take your meds."

- Mr. Watson and his brother Henry Blake making fun of him and telling him that he has "no sense of humor because you're not capable of it, but we're going to get you one."

- Yelling at him, "You need your wife to do everything for you because you are too damned handicapped to do anything!"

- Referring to Mr. Brook's physique and saying, "You're so fucking scrawny" or "I hope you don't fucking blow away, we can't afford another temp right now."

- Telling other employees that Mr. Brook would "bend over for you" or "suck your dick."

- On one occasion Mr. Watson said, "Better yet I will let Richard suck my dick. I hear he gives good head."

- Constantly referring to Mr. Brook as "gay" or a "fag."

- Asking Mr. Brook, "Why don't you get rid of your wife and get a good man?"

COMPLAINT FOR DAMAGES - 4

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

4.4  Statements in this vein occurred almost every week. Plaintiff complained to Mr. Watson about this, but his complaints were ignored. He also complained to the other manager, Henry Blake, beginning in November 2012, but those complaints were also ignored and the harassment and discrimination continued.

4.5  Plaintiff then asked Mr. Watson for the contact information of John Grasmeyer, who he believed was Mr. Watson's manager. Mr. Watson refused to provide John Grasmeyer's contact information though, and he responded, "John is not your boss. I am your boss and you will deal with me."

4.6  The harassment and discrimination continued throughout the spring of 2013. In May 2013, Plaintiff asked Mr. Watson if they could have a meeting with Mr. Grasmeyer together. Surprisingly, he agreed, but that meeting never materialized.

4.7  Plaintiff then complained to the human resources department. Mr. Watson immediately began retaliating against Plaintiff. He slammed a door on Plaintiff's hand and purposefully tried to hit him with a forklift.

4.8  Plaintiff no longer felt safe in the workplace and communicated that to the company. The company responded that Mr. Blake would now be Plaintiff's direct supervisor, but Mr. Watson would still be nearby and Plaintiff would still have to work with him. Plaintiff could not do this, so he submitted his letter of resignation on June 13, 2013.

### IV. CAUSES OF ACTION

5.1  Plaintiff realleges paragraphs 1.1 through 4.8 of the Complaint and hereby incorporates the same by reference.

COMPLAINT FOR DAMAGES - 5

HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

5.2     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Washington Law Against Discrimination, RCW Ch. 49.60 *et. seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*.

5.3     The above facts state claims against Defendant for sexual harassment, in violation of RCW 49.60 *et. seq.*, the Washington Law Against Discrimination and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

5.4     The above facts state claims against Defendant for disability discrimination, in violation of RCW Ch. 49.60 *et. seq.*, the Washington Law Against Discrimination and the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*.

5.5     The above facts state claims against Defendant for retaliation in violation of RCW 49.60 *et seq.*, the Washington Law Against Discrimination, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*.

5.6     The above facts state claims against Defendant for wrongful constructive termination.

5.7     Defendant's conduct thereby entitles Plaintiff to compensatory damages including damages for lost pay and benefits, emotional distress, and attorneys' fees and costs.

### V.     PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as follows:

A.     Damages for back pay and benefits lost and for future pay and benefits lost;

B. Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

C. Prejudgment interest in an amount to be proved at trial;

D. Compensation for any tax penalty associated with a recovery;

E. Reasonable attorneys' fees and cost; and

F. Whatever further and additional relief the court shall deem just and equitable.

Respectfully submitted this 4th day of February, 2014.

**HKM EMPLOYMENT ATTORNEYS PLLC**

*/s/ Donald W. Heyrich*
Donald H. Heyrich, WSBA No. 23091

*/s/ Kathryn A. Kuhlenberg*
Kathryn A. Kuhlenberg, WSBA No. 45737
**HKM EMPLOYMENT ATTORNEYS PLLC**
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Telephone: 206-838-2504
Fax: 206-838-2505
E-mail: dheyrich@hkm.com
           kkuhlenberg@hkm.com

*Attorneys for Plaintiff Richard Brook*